[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following constitutes the findings of fact, conclusion of law and judgment of the court.
The plaintiff and the defendant herein inter-married on Nantucket Island on June 14, 1961. The only children born to the defendant in this marriage have attained the age of majority. The parties have been residents of the state of Connecticut for the requisite period in order to confer jurisdiction on this court and this court so finds.
This couple has been married for a period of twenty nine years. The defendant, after staying home with the two children of the parties for a number of years, elected to and did go to law school and received her law degree in approximately 1976, and has been a practicing member of the Bar since that time.
Mr. Masters has been employed as a public relations consultant in various capacities by different people over the years and has engaged in various other sales activities. While his employment history would leave something to be desired from a consistency standpoint, and he has laid forth various claims as to his health being a detrimental factor to his ability to earn an income, the court finds that he has substantial earning capacity even at his present age. He has, in fact, represented himself in the very recent past to be actively engaged in the sale of modular homes, an undertaking that he had previously engaged in over a number of years, and in some of those years had been quite successful from a financial standpoint.
The plaintiff is 67 years of age and the defendant is 58 years of age. The defendant moved out of the family home on or about October of 1988. Considering all the evidence offered by the parties the court concludes that this is a marriage that has broken-down irretrievably. Said breakdown is not due, in large part, to the fault of one party as against the other, although with some degree of reason the defendant's perception of the financial irresponsibility on the part of the plaintiff from time to time during their marriage has some basis in fact. In her own mind set she had adequate grounds to conclude that their CT Page 6520 marriage could not continue to subsist and this is what brought about her decision to leave and establish a residence on her own separate and apart from her husband. The court concludes that from the evidence there is no reasonable prospect that these parties will ever cohabit again as man and wife and accordingly finds that their marriage has, in fact, broken-down irretrievably.
There is no and there are no singular fault or faults on the part of either party that would lead this court to considerations of the fault conduct on the part of one as against the other in order to weigh heavily on the distribution of the assets of the parties.
Both suffer from some physical disabilities. Had they stayed together, it was the expressed intention of the parties to largely utilize the inheritance of Mrs. Masters, the defendant herein, to form the basis for a retirement income. She inherited substantial sums of money and property from her mother and her father as of record appears. The Camp Moween Road property located in Lebanon, Connecticut has been the family homestead of the plaintiff all of his life. Title to it or a portion of it was transferred to the defendant at her request at one time in the past in order to forestall institution of divorce proceedings, according to testimony of the plaintiff. The court has entertained at length the claims of the parties, the evidence offered by them in support of their claims and taking these into account, along with the statutory criteria as set forth in Conn. General Statutes Sec. 46b-81, the court concludes that the following is a proper allocation of the assets to the parties to them in the conclusion of their marital affairs.
The real estate located at 50 Camp Moween Road, Lebanon, Connecticut is set over and assigned to the plaintiff to be his absolutely, and he shall assume and agree to pay the outstanding mortgage and any other liens thereon and shall hold the defendant harmless in connection therewith.
The property located at Bailey Pond, Voluntown, Connecticut is set over as assigned to the plaintiff to be his absolutely and he shall assume and be responsible for any liens and/or costs of the ownership and maintenance of said property and shall henceforth hold the defendant harmless in connection therewith.
The property located at 8 Corey Crossing, Norwich, Connecticut is set over to the defendant to be hers absolutely and she shall assume and agree to pay any encumbrances CT Page 6521 thereon and hold the plaintiff harmless in connection therewith.
The property and real estate located at Oaks Bluff, Massachusetts (Martha's Vineyard), with all improvements thereon is set over and assigned to the defendant to be hers absolutely and she shall hold the plaintiff harmless in connection with any cost of maintenance or claims in connection therewith.
The commercial property owned by the defendant which is her office building for her law practice is set over and assigned to her to be hers absolutely and the plaintiff shall have no claim in connection therewith.
The property located at Red Cedar Lake, Lebanon, Connecticut is set over and assigned to the plaintiff to be his absolutely and he shall hold the defendant harmless in connection therewith. Any motor vehicle personal property in possession of the respective parties shall be theirs absolutely.
The Jewett City Savings, Coastal Savings 
Federal, Glastonbury Bank Trust Co., IRA — Northwestern Mutual and State Mutual Life Insurance policies are set over to the plaintiff to be his absolutely. The various deposits accounts and assets listed in the defendant's name, basically having been inherited from her father and/or her mother are set over and assigned to be hers absolutely subject to the following charge, to wit namely that the defendant shall pay to the plaintiff as lump sum alimony the sum of $60,000.00. Said amount shall be non modifiable as to amount. Said sum shall be paid to the plaintiff in semi-annual installments of $10,000.00, said first installment being payable on December 1st, 1991, said second installment payable on June 1st, 1992 and December 1st, 1992 and on successive six month dates until said $60,000.00 shall have been paid. If any installment shall be delinquent for a period of 20 days or more it shall draw interest at the rate of 10% per annum figured retroactively from the first day of the month upon which said payment was due.
The parties have submitted claims with respect to various items of personal property and they are distributed as follows:
1) The painting by Carl Conrad is set over to the plaintiff if he shall pay the reasonable cost of framing said picture.
2) There shall be transferred to the plaintiff CT Page 6522 all of the negatives of the family photographs.
3) African artifacts in the possession of either party are set over and assigned to the son of the parties, Eliot.
4) The black and white Zenith television is assigned to the plaintiff.
5) Cuisinart is not existent.
6) General Statutes 1978 and 1979 are distributed to the plaintiff if they can be located.
7) The T.V. stand is assigned to the plaintiff.
8) The typing table is assigned to the plaintiff.
9) The Boston Whaler and motor is assigned to the defendant.
10) New kitchen appliances at Camp Moween Road are assigned to the plaintiff.
11) Dishes and glassware given to the defendant from her Aunt Alice are assigned to her.
12) The dehumidifier is assigned to the defendant.
13) The wool rugs are assigned to the plaintiff on condition that he transfers the dining lamp to the defendant.
It is so ordered.
HIGGINS, J.